IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Crim. No. CCB-19-36 |
| | * | |
| ALONZO TUNNELL | * | |

*******

## MEMORANDUM

Now pending is the motion for review of detention order (ECF 550) filed on behalf of Alonzo Tunnell seeking release from pretrial detention on the basis of changed circumstances, specifically the risk to Tunnell presented by the presence of COVID-19 at the facility where Tunnell is being held (the Chesapeake Detention Facility ("CDF"), located in Baltimore, Maryland). For the reasons set forth below, the court finds that Tunnell's risk from COVID-19, balanced against the other Bail Reform Act factors, does not rise to the level of a "compelling reason" for temporary release under 18 U.S.C. § 3142(i). The motion will be denied.

## BACKGROUND

On January 24, 2019, Tunnell was indicted on charges of conspiracy to distribute over 280 grams of cocaine base (21 U.S.C. § 841, 846) conspiracy to possess firearms in furtherance of drug trafficking (18 U.S.C. § 924(o)), and possession with intent to distribute cocaine base (21 U.S.C. § 841(a)(1)). (ECF 56, Redacted Indictment).[1] On January 21, 2019, following a hearing, Magistrate Judge A. David Copperthite ordered Tunnell detained, finding by clear and convincing evidence that Tunnell posed a risk to the safety of other persons and the community. (ECF 47, Order of Detention). Judge Copperthite specifically found that Tunnell was unable to rebut the presumption under 18 U.S.C. § 3412(e)(3)(A) that he was a danger to the community, given the strength of the government's

---

[1] The superseding indictment (ECF 276) brings the same charges against Tunnell.

1

proffer of evidence against him, his apparent membership in a drug organization associated with firearm violence, and his criminal record, which includes two prior felonies, one of which occurred while Tunnell was on probation (*Id.*).

On July 6, 2020, Tunnell filed a pro se "Motion for Compassionate Release," seeking release from pretrial detention based on underlying health conditions he believes make him susceptible to serious illness from COVID-19 and conditions related to COVID-19 at CDF. (ECF 464). Counsel supplemented the motion on November 11, 2020 and asked that the court construe the filing as a request for a review of Tunnell's detention status under 18 U.S.C. § 3145. (ECF 532). Judge Copperthite denied the motion without a hearing (ECF 533), and counsel sought review of Judge Copperthite's Order (ECF 550). The government opposes release (ECF 553).

When the government seeks pretrial detention of a defendant under the Bail Reform Act 18 U.S.C. § 3141, *et seq.*, the court, after a hearing, "shall order the detention of the person before trial" if the court finds that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." *Id.* § 3142(e)(1). The court's determination is governed by the nature and circumstances of the offense charged, the weight of the evidence against the person, their history and characteristics, and the nature and seriousness of the danger to any person or the community that would be posed by release. *Id.* § 3142(g). There is a rebuttable presumption in favor of detention where "there is probable cause to believe that the person committed" one of an enumerated list of crimes, "including an offense for which the maximum term of imprisonment of ten years or more is prescribed in the Controlled Substance Act (21 U.S.C. § 801, *et seq.*)[.]" *Id.* § 3142(e)(3)(A). Section 3412(i) of the Bail Reform Act "permit[s] the temporary release of the person" to the extent that the court "determines such release to be necessary for preparation of the person's defense or for another compelling reason."

In reviewing a detention order under 18 U.S.C. § 3145(b), "the district court acts *de novo* and must make an independent determination of the proper pretrial detention or conditions of release." *United States v. Stewart*, 19 F. App'x 46, 48 (4th Cir. 2001).[2]

## DISCUSSION

Tunnell requests release from detention on the basis that conditions at CDF and his health conditions put him at risk of severe illness due to COVID-19. The court construes this request as an argument that release is warranted under 18 U.S.C. § 3412(i). "In the context of the COVID-19 pandemic, the Fourth Circuit has suggested that § 3142(i) requires evaluating whether 'the severity of the risk that the COVID-19 virus poses to the defendant, given his existing medical conditions and the current COVID-19 situation at the facility where he is being held, . . . balanced against the other Bail Reform factors, rises to the level of a compelling reason' justifying release." *United States v. Blue*, No. ELH-19-286, 2020 WL 6044328, at *4 (D. Md. Oct. 9, 2020) (quoting *United States v. Creek*, CCB-19-36, App. No. 20-4251, at *1 (4th Cir. Apr. 15, 2020)).

As to the severity of the risk that the COVID-19 virus poses to him, Tunnell, age 28, suffered several serious gunshot wounds approximately ten years ago, which he asserts have left him with significant breathing problems and reduced respiratory function, which in turn could increase his risk of severe illness from COVID-19. He likens his risk level to that of a person with asthma, cystic fibrosis, or pulmonary fibrosis. Such conditions can make an individual more likely to get severely ill from COVID-19. *COVID-19: People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated Mar. 29, 2021). The medical records Tunnell has provided in support of his motion demonstrate the seriousness of his initial injuries. Tunnell suffered gunshot wounds that significantly damaged his lung airways, and after initial surgery, he underwent a further procedure to

---

[2] Unpublished opinions are cited for the soundness of their reasoning and not for any precedential value.

remove already developing scar tissue that had formed in his airways. (ECF 532-2 at 4). But the records do not show the extent to which Tunnell's injuries continue to affect his lung capacity. Instead, they show that less than two weeks after his final surgery, Tunnell was determined stable, in "good condition," and was discharged from the hospital. (ECF 532-2 at 1). In the analogous compassionate release context, courts have rejected prisoners' claims that gunshot wounds increase the risk of severe illness due to COVID-19 where the inmate cannot show via medical records that the injury is currently causing respiratory symptoms. *See United States v. Belle*, 457 F. Supp. 3d 134, 139 (D. Conn. 2020) (26-year-old defendant did not present extraordinary and compelling reason for release where medical records showed asymptomatic asthma and no respiratory symptoms from an old gunshot wound); *Goffigan v. United States*, No. 2:16-cr-34, 2020 WL 6875207, *3 (E.D. Va. Nov. 23, 2020) (petitioner's claims of breathing problems due to gunshot wound "not supported by any medical evidence"). The court acknowledges the possibility that Tunnell's injuries continue to affect his health, but the lack of documentation in this case leads the court to conclude that the risk the COVID-19 virus poses to Tunnell is not particularly acute, especially given his relative youth and his otherwise good health. *See Belle*, 457 F. Supp. 3d at 139. And though there have been many cases of COVID-19 at CDF, *see COVID-19 Dashboard*, Maryland Department of Public Safety & Correctional Services, https://dpscs.maryland.gov/covid-19/ (last accessed Mar. 31, 2021) (showing at least 185 inmates at CDF have tested positive for the virus at some point), without evidence that Tunnell himself is particularly vulnerable to COVID-19, the court does not find that the conditions at CDF alone constitute a compelling reason for Tunnell's release.

The court balances this somewhat speculative risk to Tunnell against the other Bail Reform Act factors. *See United States v. Creek*, CCB-19-36, App. No. 20-4251, at *1 (4th Cir. Apr. 15, 2020). Tunnell has been charged with several serious drug trafficking offenses, and the weight of evidence against him is strong in that the government has proffered that he sold controlled substances to

undercover officers. (ECF 47, Order of Detention). His history and characteristics include his alleged membership in a drug organization associated with firearm violence, and his criminal record, which includes two prior felonies, one of which occurred while Tunnell was on probation. (*Id.*). As to Tunnell's danger to the community, Tunnell does not attempt to rebut the presumption of dangerousness under § 3412(e)(3)(A) and he presents no information that would mitigate the danger posed by his release, such as an adequate release plan. *See United States v. Creek*, 457 F. Supp. 3d 473, 478 (D. Md. 2020) (defendant's danger to community somewhat mitigated by a release plan wherein he would reside with relatives, away from the area where he was alleged to have engaged in criminal activity). On balance, Tunnell has not demonstrated that his risk of severe illness from COVID-19 is a "compelling reason" for temporary release under 18 U.S.C. § 3142(i) in light of the other Bail Reform Act factors, all of which weigh against his release.

## CONCLUSION

For the foregoing reasons, the court will affirm Judge Copperthite's order of detention (ECF 47) and will deny the motion for review of detention order (ECF 550) without a hearing. A separate Order follows.

 

__4/2/2021__  
Date

            __/S/_____  
            Catherine C. Blake  
            United States District Judge